IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:10-CR-110-FL
NO. 7:14-CV-13-FL

| | |
|---|---|
| RONDELL HAMMONDS, ) ) Petitioner, ) ) v. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) | ORDER |

This matter comes before the court on petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (DE 71), and the government's motion to dismiss (DE 75). Petitioner has not responded to the motion to dismiss, and the time period to do so has expired. In this posture, the issues raised are ripe for ruling.

## BACKGROUND

Petitioner pleaded guilty, pursuant to a written plea agreement, to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924. Petitioner was sentenced on November 30, 2011, to a term of imprisonment of 163 months, which term was calculated based upon an armed career criminal enhancement under 18 U.S.C. § 924(e), and in light of a reduction for undischarged term of imprisonment. Petitioner appealed and his conviction and sentence were affirmed on appeal. United States v. Hammonds, 495 F. App'x 369, 370 (4th Cir. 2012) cert. denied, 133 S. Ct. 1507 (March 4, 2013). Petitioner filed the instant motion under § 2255, on January 13, 2014, asserting claims on the basis of ineffective assistance of counsel and on the basis that his sentence was improperly enhanced in light of Descamps v. United States, 133 S.Ct. 2276 (2013). The

government moves to dismiss the § 2255 motion for failure to state a claim upon which relief can be granted, under Federal Rule of Civil Procedure 12(b)(6), arguing that petitioner's ineffective assistance of counsel claims are without merit, and the Descamps claim is barred by the waiver in his plea agreement and otherwise procedurally defaulted.

**DISCUSSION**

A.   Standard of Review

In § 2255 proceedings, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a pleading must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations omitted). In evaluating such a motion, "a court accepts all well-pled facts as true and construes these facts in the light most favorable to the [pleader]," but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Nor must the court accept "unwarranted inferences, unreasonable conclusions, or arguments." Id. (quotations omitted).

B.   Analysis

1.   Ineffective Assistance of Counsel

Petitioner alleges generally that his counsel was ineffective in the district court and on appeal. A successful claim for ineffective assistance of counsel requires petitioner to show that "(1) his counsel's performance fell below an objective standard of reasonableness in light of the

2

prevailing professional norms, and (2) 'there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Bell v. Evatt, 72 F.3d 421, 427 (4th Cir. 1995) (quoting Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)).

"[I]n order to satisfy the 'prejudice' requirement [in the guilty plea context], the [petitioner] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Petitioner's ineffective assistance of counsel claim is without merit because petitioner has not alleged facts "to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678. Indeed, petitioner has not alleged any facts in support of his ineffective assistance of counsel claim. Petitioner's brief is devoted to discussing petitioner's claim that the Armed Career Criminal Act enhancement is not warranted in light of Descamps. To the extent petitioner suggests that counsel should have anticipated an argument based on Descamps in the district court or on appeal, this does not provide a basis for an ineffective assistance of counsel claim. "It is well established that an attorney cannot be labeled ineffective for failing to anticipate a future change in the law." Moss v. Ballard, 537 F. App'x 191, 195 (4th Cir. 2013).

2. Descamps

Petitioner argues that he was incorrectly sentenced as an Armed Career Criminal because the three predicate offenses used to support the enhancement no longer qualify as predicates in light of Descamps.

As an initial matter, petitioner has waived his Descamps claim due to the waiver in his plea agreement. The court must enforce a waiver in a plea agreement "if it is valid and the issue appealed is within the scope of the waiver." United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013).

3

This rule applies equally to waiver of direct-appeal rights and waiver of collateral-attack rights. United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." Copeland, 707 F.3d at 528 (quoting United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir.2012)). With respect to the scope of a plea waiver, the Fourth Circuit has held that a claim based upon improper sentencing enhancement falls within the scope of a plea agreement waiving the right to contest the conviction or the sentence on appeal and in a post-conviction proceeding. Id. at 525 & 529.

In this case, petitioner waived "all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to defendant at the time of defendant's guilty plea." (DE 23). Petitioner entered into the guilty plea following a Rule 11 colloquy which indicates that the defendant understood the significance of the waiver. (DE 31 at 17-18). Accordingly, where the claim falls within the scope of the waiver, the court must enforce it and dismiss as waived petitioner's claim under Descamps. See Copeland, 707 F.3d at 528.

In addition, while a waiver may in some circumstances be disregarded if petitioner was subjected to an "illegal" sentence "imposed in excess of the maximum penalty provided by statute," id. 529 & 530, petitioner's sentencing enhancement in this case was properly applied. In particular, petitioner's presentence report listed three qualifying convictions of a "violent felony," as that term is defined in 18 U.S.C. § 924(e)(1). In particular, petitioner was convicted under North Carolina law

4

of breaking and entering, assault with a deadly weapon, and discharging a weapon into occupied property, (DE 48 at 8), each of which qualifies as a predicate under § 924(e). See United States v. Bowden, 975 F.2d 1080, 1084 (4th Cir. 1992) (breaking and entering); United States v. Evans, 175 F. App'x 620, 621 (4th Cir. 2006) (assault with a deadly weapon); United States v. Mason, 392 F. App'x 171, 173 (4th Cir. 2010) (noting that discharging a weapon into occupied property is a crime of violence). Descamps, which held that "federal sentencing courts are prohibited from applying [a] modified categorical approach when the state crime in question 'has a single, indivisible set of elements,'" United States v. Aparicio-Soria, 740 F.3d 152, 153-54 (4th Cir. 2014) (quoting 133 S.Ct. at 2282), does not alter the court's analysis here. Accordingly, petitioner's challenge to his sentencing enhancement is without merit and does not provide a basis to overcome the waiver in his plea agreement.

C.  Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, the court GRANTS the government's motion to dismiss, and DISMISSES petitioner's motion to vacate. A certificate of appealability is DENIED.

SO ORDERED, this the 22nd day of July, 2014.

*[signature]*

LOUISE W. FLANAGAN
United States District Judge